# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY W. STEWART,<br><br>    Petitioner,<br><br>    v.<br><br>J. MACOMBER,<br><br>    Respondent. | Case No. 1:22-cv-01121-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE |

Petitioner Gregory W. Stewart is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges his 1994 conviction in the Merced County Superior Court for sale of a controlled substance. As Petitioner has sought federal habeas relief with respect to the challenged conviction numerous times previously, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

1    A federal court must dismiss a second or successive petition that raises the same grounds
2 as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive
3 petition raising a new ground unless the petitioner can show that (1) the claim rests on a new,
4 retroactive, constitutional right, or (2) the factual basis of the claim was not previously
5 discoverable through due diligence, and these new facts establish by clear and convincing
6 evidence that but for the constitutional error, no reasonable factfinder would have found the
7 applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the
8 district court that decides whether a second or successive petition meets these requirements.

9    Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by
10 this section is filed in the district court, the applicant shall move in the appropriate court of
11 appeals for an order authorizing the district court to consider the application." In other words, a
12 petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
13 petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must
14 dismiss any second or successive petition unless the Court of Appeals has given a petitioner
15 leave to file the petition because a district court lacks subject-matter jurisdiction over a second or
16 successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

17    In the instant petition, Petitioner challenges his 1994 conviction in the Merced County
18 Superior Court for sale of a controlled substance. (ECF No. 1 at 1.)[1] Petitioner previously sought
19 federal habeas relief in this Court with respect to the same conviction numerous times. See, e.g.,
20 Stewart v. McGrath, No. 1:00-cv-05452-SMS (dismissed as untimely); Stewart v. Sullivan, No.
21 1:06-cv-01400-WMW (dismissed as successive); Stewart v. Macomber, No. 1:11-00814-DLB
22 (dismissed as successive); Stewart v. Macomber, No. 1:18-cv-00338-DAD-EPG (dismissed as
23 successive); Stewart v. Macomber, No. 1:21-cv-00063-DAD-HBK (noting that Petitioner filed
24 twenty-seven previous habeas petitions and dismissing petition as an unauthorized successive
25 petition).[2]

26 ///

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.
[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

The Court finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). See <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). As Petitioner has already filed numerous petitions for writ of habeas corpus regarding his 1994 conviction, he cannot file another petition in this Court regarding the same conviction without first obtaining permission from the United States Court of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See <u>Burton</u>, 549 U.S. at 157.

## II.

## RECOMMENDATION AND ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition.

Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified

///

///

///

time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 16, 2022**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE